UNITED STATES DISTRICT
FOR THE DISTRICT OF MASSACHUSETTS

Nicole Bourque,

        Plaintiff,

V.                                    CIVIL ACTION NO:

United States of America

        Defendant.

## COMPLAINT

This is a complaint for damages arising from substandard medical care rendered to Nicole Bourque, by the United States of America, by and through its agents, servants or employees, including, but not limited to, Robyn D. Stewart, D.O.

## PARTIES AND JURISDICTION

1. The plaintiff, Nicole Bourque, is a resident of 195 Maple Street, Methuen, Massachusetts.

2. A physician, Robyn D. Stewart, D.O., 44 Birch Street, Derry, New Hampshire, was at all times relevant to this complaint a physician licensed to practice her profession in the State of Massachusetts, and Dr. Stewart was an agent, servant or employee of the United States of America acting within the scope of her employment.

3. The Plaintiff, Nicole Bourque, served a Standard Form 95 Claim for Damages, Injury or Death upon the U.S. Department of Health and Human Services, which included the basis of her claim and identified a sum certain amount of claim. A copy of the administrative claim is attached under Exhibit A.

4. The plaintiff's administrative claims were served on HHS within two years after the claims accrued.

5. The plaintiffs' have complied with all requirements for bringing suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq.

6. The negligent acts and omissions complained of herein occurred in Massachusetts.

7. This action is brought under the law of the State of Massachusetts and the Federal Tort Claims Act.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).

9. This Court has jurisdiction over any state law claims pursuant to 28 U.S.C. 1367, because the wrongful acts and omissions complained of arise out of the same case and controversy.

10. Venue is proper pursuant to 28 U.S.C. § 1402(b), because the wrongful acts and omissions complained of occurred in the District of Massachusetts.

## UNDERLYING FACTUAL ALLEGATIONS

11. IN July 2015, Nicole Bourque was a 21 year old woman who suffered an iatrogenic injury to her ureter during a C-section, resulting in uretero-uterine fistula, requiring surgery to reconstruct the ureter.

12. Ms. Bourque was a gravida 1 para 0, expecting her first child on 7/24/15.  On 7/14/15, at 38 weeks and 4 days gestation, Ms. Bourque presented to the Lawrence General Hospital Labor & Delivery Unit in spontaneous labor with rupture of membranes at 5 cm dilation.

13. After laboring for approximately 4 hours, Ms. Bourque underwent a primary low transverse cesarean section via Pfannenstiel incision performed by Robyn Stewart, D.O.

14. Dr. Stewart noted that the cesarean section was complicated by left and right lateral extensions of the hysterotomy, and she needed to perform extensive repairs during the surgery.  During the surgery, Dr. Stewart stitched Ms. Bourque's ureter to her uterus, but did not recognize she had done so.

15. Post operatively, on 7/15/15, Ms. Bourque was transferred to Tufts Medical Center for her recovery.

16. On 7/18/15, 3 days post-op, Ms. Bourque's incision became infected, and she was started on Keflex for cellulitis.  Over the next 3 days, Ms. Bourque continued to exhibit symptoms of infection, spiking fevers to 102 degrees fahrenheit, and she was treated with ampicillin, clindamycin, and gentamicin for post-partum endometritis.

17. On 7/21/15, a CT scan of the abdomen/pelvis revealed pockets of fluid on both sides of the lower uterine segment, as well as fluid and gas in the anterior pelvic wall subcutaneous fat. Gas and high attenuation material were noted in the uterine fundus, and there was hydronephrosis of the right kidney.

18. On 7/22/15, Ms. Bourque began to exhibit mental status changes, and was taken to the OR for a wound incision and drainage with debridement and irrigation of the pelvis and closure of fascial separation.  She was found to have extensive cellulitis around her incision, with spread to both hips, and necrotic tissue and purulent drainage upon opening the wound.  She

was continued on IV antibiotics. Ms. Bourque was discharged on 7/29/15 with oral antibiotics and daily VNA services.

19. On 7/31/15, Ms. Bourque was readmitted for wound care follow up, as well as leaking of urine and urinary incontinence. On examination, Ms. Bourque was found to have a right sided uretero-uterine fistula with hydronephrosis, confirmed by a CT scan of the abdomen/pelvis.

20. On 8/3/15, Ms. Bourque underwent a cystoscopy with retrograde ureteropyelogram and a right side ureteroscopy. During the procedure, the surgeon was unable to pass the guide wire into the renal pelvis, and instead, the wire continued to pass through the uretero-uterine fistula.

21. On 8/4/15, a right percutaneous nephrostomy tube was placed, and in December 2015, Ms. Bourque underwent ureter reconstruction surgery.

**COUNT I**

22. The plaintiff, Nicole Bourque, repeats and re-avers all the allegations in the Paragraphs above under the headings of Parties and Underlying Factual Allegations as if expressly rewritten and set forth herein. This action is brought to recover for the conscious pain and suffering and personal injuries of the plaintiff, Nicole Bourque.

23. At all times relevant to this complaint, the defendant, United States of America, by and through its agents, servants or employees, including, but not limited to, Robyn D. Stewart, D.O., rendered care and treatment to the plaintiff, Nicole Bourque, at or near Lawrence General Hospital, 1 General Street, Lawrence, Massachusetts, on or about July 2015.

24. On or about July 2015, the defendant, United States of America, by and through its agents, servants or employees, owed a duty to the plaintiff, Nicole Bourque, to render care and treatment in accordance with the applicable standards of care.

25. On or about July 2015, the defendant, United States of America, by and through its agents, servants or employees, including, but not limited to, Robyn D. Stewart, D.O., breached its duty to the plaintiff, Nicole Bourque, including, but not limited to, when it failed to recognize and appreciate that she had surgically attached Ms. Bourque's ureter to her uterus while performing the cesarean section, and when it failed to promptly treat and repair Ms. Bourque's uretor-uterine fistula during the course of the cesarean section.

26. On or about July 2015, average qualified members of the medical profession practicing the defendant's professions knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Nicole Bourque. On or about July 2015, the defendant, United States of America, by and through its agents, servants or employees, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the plaintiff, Nicole Bourque.

27. On or about July 2015, the defendant, United States of America, by and through its agents, servants or employees, including, but not limited to, Robyn D. Stewart, D.O., did not inform the plaintiff, Nicole Bourque, of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Nicole Bourque.  If the defendant, United States of America, by and through its agents, servants or employees, had informed the plaintiff of the alternatives to and risks and potential consequences of the defendant's choice of treatment of the plaintiff, Nicole Bourque, neither Ms. Bourque nor a reasonable person in her position would have elected the defendant's choice of treatment. The alternatives to and the risks and potential consequences of the defendant's choice of treatment were material to a decision by Ms. Bourque and to a reasonable person in her position as to whether to undergo or forego the defendant's choice of treatment.

28. The injuries sustained by the plaintiff, Nicole Bourque, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care and treatment rendered by the defendant, United States of America, by and through its agents, servants or employees, including, but not limited to the following:

    a. Defendant's misrepresentations to the plaintiff that it was knowledgeable, skillful, and competent to diagnose, manage, and treat the plaintiff's medical condition on or about July 2015;

    b. Defendant's failure to render medical care and treatment on or about July 2015 in a knowledgeable, skillful, reasonable, safe, and competent manner;

    c. Defendant's failure to adequately and properly diagnose and treat the plaintiff, Nicole Bourque's, medical condition on or about July 2015 and the defendant's failure to prescribe proper and timely treatment and intervention for said condition;

    d. Defendant's failure to recognize, or have the knowledge to recognize its inability and lack of skill to diagnose and treat the plaintiff, Nicole Bourque, when the defendant knew or should have known in the exercise of due care, the foreseeable consequences of its inability and failure to properly and skillfully provide the plaintiff, Nicole Bourque, with acceptable medical and diagnostic services;

    e. Defendant's failure to possess or negligent failure to exercise that degree of skill, training, and care as is possessed and exercised by average qualified members of the nursing profession practicing her specialty;

    f. Defendant's failure to possess or failure to exercise that degree of skill, training, and care that is required to prevent harm to the plaintiff, Nicole Bourque;

    g. Defendant's failure to visualize and identify the ureter during the C-section and hysterotomy repair;

    h. Defendant's failure to avoid injury to the ureter;

    i. Defendant's negligent transection and attachment of Ms. Bourque's ureter to her uterus.

    j. Defendant's failure to recognize and appreciate that she had surgically attached Ms. Bourque's ureter to her uterus while performing the cesarean section and hysterotomy repair;

    k. Defendant's failure to promptly treat and repair Ms. Bourque's surgically-induced injury to the ureter;

    l. Defendant's failure to recognize and appreciate the uretero-uterine fistula that the Defendant caused intraoperatively;

    m. Defendant's failure to ensure ureteral integrity prior to closure of the incision;

    n. Defendant's failure to inform and failure to warn of the risks involved in or associated with the plaintiff, Nicole Bourque's, condition, failure to inform and to warn about the treatment of said condition, and failure to inform and disclose to the plaintiff, Nicole Bourque, the available alternatives to her proposed course of treatment.

29. As a direct and proximate result of the substandard care and treatment rendered to Nicole Bourque by the defendant and/or its agents, servants or employees, on or about July 2015, Ms. Bourque suffered from a uretero-uterine fistula, resulting in severe infection, cellulitis, prolonged hospitalization, and the need for further extensive surgery, including re-implantation and reconstructive surgery of her ureter.

30. The severe and permanent injuries and damages sustained by Nicole Bourque, including but not limited to her medical care and related costs and expenses, lost earnings, lost earning capacity, loss of household services, loss of enjoyment of life, diminished quality of life physical and conscious pain and suffering, and other general and special damages, together with interests and costs, were the direct and proximate result of the negligent conduct of the defendant, United States of America, by and through its agents, servants or employees.

    WHEREFORE, the plaintiff, Nicole Bourque, prays judgment against the defendant, United States of America, in an amount which is just and appropriate to compensate the plaintiff, Nicole Bourque, for her injuries, together with interest and costs.

PLAINTIFF DEMANDS TRIAL BY JURY

        Respectfully submitted,
        The plaintiff,
        By her attorney,

        /s/ Andrew C. Meyer, Jr.
        _____

        Andrew C. Meyer, Jr.
        BBO# 344300
        LUBIN & MEYER, P.C.
        100 City Hall Plaza
        Boston, MA 02108
        (617) 720-4447